**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| Y.R.A. | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-425-CDL-AGH<br>28 U.S.C. § 2241 |
| | : | |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Pending before the Court are Petitioner's application for a writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241 and Respondents' motion to dismiss (ECF No. 6). For the reasons explained below, it is recommended Respondents' motion to dismiss be granted and Petitioner's application for habeas relief be dismissed.

## BACKGROUND

Petitioner, a native and citizen of Cuba, was paroled into the United States on February 22, 2015, at the Brownsville, Texas Port of Entry. Stephens Decl. ¶ 4, ECF No. 6-1. Immigration and Customs Enforcement ("ICE") authorized Petitioner to remain in the United States until February 21, 2017, pursuant to the Cuban Refugee Adjustment Act. *Id.* On December 15, 2016, Petitioner was convicted of conspiracy to transport illegal aliens and two counts of illegal alien transport in the United States District Court for the Western District of Texas. *Id.* ¶ 5; Resp'ts' Mot. to

Dismiss Ex. A, ECF No. 6-2. On May 23, 2017, the court sentenced petitioner to sixteen months of imprisonment on each count, to run concurrently. Stephens Decl. ¶ 5.

On January 10, 2018, ICE Enforcement and Removal Operations ("ERO") served Petitioner with a Notice to Appear ("NTA") charging him with removability based on having overstayed the terms of his visa. Stephens Decl. ¶ 6; Resp'ts' Mot. to Dismiss Ex. B, ECF No. 6-3. On February 2, 2018, Petitioner entered ICE custody after being released from the Bureau of Prison's custody. Stephens Decl. ¶ 7. He was then transported to Prairieland Detention Center in Alvarado, Texas. *Id.*

On February 27, 2018, Petitioner appeared *pro se* for the immigration court's master calendar hearing. *Id.* at 8. During the hearing, Petitioner admitted to the allegations listed on the NTA, confirmed that he did not want to apply for relief from removal proceedings, and agreed to accept a removal order. *Id.* The immigration court entered an order of removal to Cuba, and Petitioner waived appeal. *Id.*; Resp'ts' Mot. to Dismiss Ex. C, ECF No. 6-4. Petitioner's removal order became final on February 27, 2018. *Id.*

On May 29, 2018, ICE/ERO determined that there was no significant likelihood of Petitioner's removal to Cuba in the reasonably foreseeable future; therefore, Petitioner was released from ICE custody pursuant to an Order of Supervision ("OSUP"). Stephens Decl. ¶ 9. As a part of his conditions of release, Petitioner was required to report to ICE periodically. *Id.* On October 29, 2025, when reporting for his appointment, ICE/ERO served Petitioner with an OSUP Revocation Notice and

arrested Petitioner. *Id.* ¶ 10; Resp'ts' Mot. to Dismiss Ex. D, ECF No. 6-5. Petitioner declined to make a statement during his informal interview. *Id.* ICE/ERO subsequently transferred Petitioner to Stewart Detention Center in Lumpkin, Georgia. *Id.*

On November 21, 2025, ICE/ERO served Petitioner with a Third Country Removal Notice and confirmed that Petitioner was prepared for removal to Mexico. Stephens Decl. ¶ 11. On December 11, 2025, ICE/ERO transported Petitioner to El Paso East Camp Montana in El Paso, Texas, for third country removal to Mexico. *Id.* ¶ 12. On December 23, 2025, Petitioner refused to leave his pod for removal to Mexico. *Id.* ¶ 13.

Petitioner filed his application for habeas relief on December 4, 2025 (ECF No. 1). Petitioner claims that ICE has detained him longer than the presumptively reasonable six-month time period provided under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. 4-7, ECF No. 1. Respondents filed a motion to dismiss Petitioner's petition on December 29, 2025 (ECF No. 6). Respondents argue that Petitioner is not entitled to relief under *Zadvydas* because he failed to comply with ICE/ERO's removal efforts. Resp'ts' Mot. Dismiss 6-8, ECF No. 6. Alternatively, Respondents argue that Petitioner has failed to meet his evidentiary burden that there is no significant likelihood of removal in the reasonably foreseeable future ("SLRRFF"). *Id.* at 9-10. Petitioner responded to Respondents' motion to dismiss on March 20, 2026, rebutting their allegations. Pet. Resp. to Mot. to Dismiss 1-4, ECF No. 14.

On May 7, 2026, the Court ordered the parties to provide status reports. Text-Only Order, ECF No. 17. Respondents explained that ICE/ERO attempted to remove Petitioner to Mexico for a second time on March 30, 2026, but Petitioner once again refused to leave his pod. Resp'ts' Status Report 2, ECF No. 19; Jones Decl. ¶ 10-11, ECF No. 19-1. In his status report, Petitioner argued that ICE/ERO's attempts to remove him to a third country are unlawful, and he reaffirmed his *Zadvydas* argument. Pet.'s Status Report 1-5, ECF No. 18.

As of May 18, 2026, Petitioner remained detained at Stewart Detention Center. Jones Decl. ¶ 13. His Petition is ripe for review.

## DISCUSSION

Petitioner claims that he is entitled to release under *Zadvydas* because he has been detained longer than the presumptively reasonable six-month period and his removal is not likely in the reasonably foreseeable future. As discussed below, the Court disagrees. Respondents' motion to dismiss should be granted and Petitioner's petition consequently dismissed.

### I. Legal Framework for Post-Final Order of Removal Detention

Because Petitioner has a final order of removal, Petitioner's detention is governed by 8 U.S.C. § 1231(a). Under § 1231(a), "when an alien is ordered removed," the Attorney General "shall" remove the alien within ninety days. 8 U.S.C. § 1231(a)(1)(A). This removal period begins to run on, as relevant here, "the date the order of removal becomes administratively final," or "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from

detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(i), (iii). Detention during the ninety-day removal period is mandatory. 8 U.S.C. § 1231(a)(2). The removal period shall be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Finally, inadmissible aliens, criminal aliens, and those who pose a risk to the community or of non-compliance with a removal order "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in [§ 1231(a)(3)]." 8 U.S.C. § 1231(a)(6).

Section 1231(a)(6) does not limit the length of post-final order detention. In *Zadvydas*, however, the Supreme Court of the United States applied the doctrine of constitutional avoidance to "read an implicit limitation into the statute." 533 U.S. at 689. The Supreme Court held that § 1231(a)(6) authorizes post-removal-order detention only for a period "reasonably necessary" to accomplish the alien's removal from the United States. *Id.* at 699-700. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish such removal. *Id.* at 701. The United States Court of Appeals for the Eleventh Circuit subsequently explained that in order "[t]o state a claim under *Zadvydas* . . . an alien must show that: (1) he has been detained for more than six months following the final order of removal and (2) there is good reason to believe that there is no [SLRRFF]." *Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under Zadvydas the

alien . . . must show post-removal order detention in excess of six months [and] also must provide evidence of a good reason to believe that there is no [SLRRFF].")).

## II. Petitioner's Petition Should be Dismissed

As explained above, a claim under *Zadvydas* typically requires two showings: (1) Petitioner has been detained post-final order longer than six months, and (2) Petitioner's removal is not likely in the reasonably foreseeable future. *Akinwale*, 287 F.3d at 1052. Here, Petitioner satisfies the first prong, but he cannot show that there is no SLRRFF. Thus, it is recommended that his petition be denied.

Petitioner has been detained post-final order for longer than the presumptively reasonable six-month period. Petitioner came into ICE custody most recently on October 29, 2025. Stephens Decl. ¶ 10. Six months following October 29, 2025, is April 29, 2026. Therefore, as of the date of this Order, Petitioner satisfies the time-period requirement under *Zadvydas*.[1]

However, Petitioner has not met his burden to show that there is no SLRRFF. A petitioner fails to show that there is no SLRRFF where he has been the "sole obstruction to his own removal." *Linares v. Dep't of Homeland Sec.*, 598 F. App'x 885, 887 (11th Cir. 2015) (finding petitioner failed to satisfy second prong "as there is a significant likelihood that he will be removed as soon as he ceases obstructing the

[1] Respondents argue that Petitioner's application for habeas corpus relief is premature because it was filed on December 4, 2025, "just one month after he was re-detained." Resp'ts' Mot. Dismiss 5-6. Because the Court finds that Respondents' motion to dismiss should be granted based on Petitioner's failure to show SLRRFF, the Court declines to address Respondents' other argument based on prematurity.

government's efforts to remove him"). The sole obstruction to Petitioner's removal, at present, is his own actions.

Respondents submitted evidence that they attempted to remove Petitioner to Mexico—and he failed to comply—twice. On the first occasion, Respondents served Petitioner with the Third Country Removal Notice, and ICE/ERO confirmed that Petitioner was ready for removal, on November 21, 2025. Stephens Decl. ¶ 11. ICE/ERO then attempted to remove Petitioner on December 23, 2025, but Petitioner refused to leave his pod. *Id.* at 13. Petitioner was then served with a Notice of Failure to Comply on March 12, 2026 (ECF No. 19-2). On the second occasion, Respondents notified Petitioner of ICE/ERO's intent to remove him to Mexico on March 12, 2026. Jones Decl. ¶ 9. On March 30, 2026, Respondents attempted to remove Petitioner, but Petitioner once again refused to leave his pod. *Id.* ¶ 11.

On both occasions, Petitioner was the barrier to his own removal. Other than mere speculation that "Mexico did not agree to accept [him]," Petitioner submitted no evidence that Respondents did not intend to remove him to Mexico on either December 23, 2025, or March 30, 2026.[2] Pet.'s Status Report 3, ECF No. 18; *see G.M.N.G. v. Warden, Irwin Cnty. Det. Ctr.*, No. 7:20-CV-184 (WLS-MSH), 2021 WL 8268065, at *2 (M.D. Ga. Oct. 15, 2021) (explaining that Petitioner's "unsupported,

[2] Petitioner argues in his status report that his removal to a third country violates due process. Pet. Status Report 2-4, ECF No. 18. This is not so. "If the government of the country designated . . . is unwilling to accept the alien, . . . [then] removal shall be to . . . a country with a government that will accept the alien into the country's territory." 8 U.S.C. § 1231(b); *see also D.V.D., et al., v. Dep't of Homeland Security, et al.,* No. 26-1212, Doc. No. 00118415865 (1st Cir. Mar. 11, 2026) (granting administrative stay and allowing third-country removals to continue nationwide). Petitioner admits that "Cuba will deny and has denied any and all requests for travel documents" and "that Cuba will not accept him back." Pet. 4. Thus, because his designated country will not accept Petitioner, ICE/ERO may pursue third-country removal.

speculative assertion" was "insufficient to carry the burden of a habeas corpus petitioner") (internal citations omitted). Respondents' arrangements for Petitioner's removal, demonstrate that—absent his obstruction—his removal in the reasonably foreseeable future is significantly likely. Therefore, it is recommended Respondents' motion to dismiss be granted and Petitioner's application for habeas relief be dismissed.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** Respondents' motion to dismiss (ECF No. 6) be granted and Petitioner's application for habeas relief (ECF No. 1) be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the

absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 7th day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE